**Sumon HOSSAIN–BAGUM, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General of the United States,[*] Respondent.**

**No. 08–1237–ag.**

United States Court of Appeals, Second Circuit.

Feb. 26, 2009.

---

[*] Eric H. Holder, Jr., Attorney General of the United States, is substituted for his predecessor in office, Michael B. Mukasey, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

**390**

David J. Rodkin, New York, NY, for Petitioner.

Gregory G. Katsas, Assistant Attorney General, Civil Division, James E. Grimes, Senior Litigation Counsel, Kelly J. Walls, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. ROBERT D. SACK and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Petitioner Sumon Hossain–Bagum, also known as Johirul Islam, a native and citizen of Bangladesh, seeks review of a February 29, 2008 order of the BIA affirming the February 23, 2006 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sumon Hossain–Bagum,* No. A98 556 959 (B.I.A. Feb. 29, 2008), *aff'g* No. A98 556 959 (Immig. Ct. N.Y. City Feb. 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination, *Twum v. INS,* 411

F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). For applications governed by the REAL ID Act of 2005,\*\* the agency may base a credibility finding on inconsistencies or implausibilities that do not go "to the heart of the applicant's claim," as long as the "totality of the circumstances" establishes that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir.2008)(per curiam).

In this case, the IJ properly analyzed the totality of the circumstances in concluding that Hossain was not credible. *See Xiu Xia Lin,* 534 F.3d at 167. The IJ identified numerous inconsistencies in the record. For instance, Hossain testified that he was beaten for the first time in August 2001 but wrote in his asylum application that the beating occurred in August 2002. In addition, Hossain submitted documentation that he was admitted to the hospital at two o'clock in the afternoon on March 6, 2003 for treatment of injuries that he sustained during a second beating. However, Hossain testified that the second beating occurred at eleven o'clock at night on March 6, 2003, approximately nine hours after he was treated at the hospital. Arguably, these inconsistencies, considered singly, did not "go to the heart" of Hossain's claim. *See id.* However, the IJ reasonably concluded that the cumulative effect of these inconsistencies undermined Hossain's credibility. *See, id.; Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006)

\*\* Because Hossain's application was filed after May 11, 2005, the provisions of the REAL ID Act applied to the agency's assessment of his credibility.

("[E]ven where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder.")(internal citation and quotation marks omitted).

Moreover, the IJ's concerns about the authenticity of the documentation that Hossain produced were justified. The IJ was understandably skeptical that a legitimate birth certificate would include an assessment of Hossain's character. In addition, the IJ did not engage in "unjustified assumptions" or "unsupported speculation" when she concluded that both the birth certificate and the letter from the Student League were fabricated where although Hossain claimed that the documents had been produced by different entities at different times, each contained identical language. *See Souleymane Niang v. Mukasey,* 511 F.3d 138, 146 (2d Cir.2007); *Surinder Singh v. BIA,* 438 F.3d 145, 148 (2d Cir.2006)(per curiam). Furthermore, the IJ's finding that the birth certificate and the letter from the Student League were fraudulent was sufficient grounds for deeming suspect other evidence in the record the probative weight of which depended upon Hossain's veracity. *See Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir.2007); *see also Rui Ying Lin v. Gonzales,* 445 F.3d 127, 133 (2d Cir.2006) (discussing the maxim of *falsus in uno, falsus in omnibus* (false in one thing, false in everything)). Thus, the IJ's suspicions regarding the birth certificate and the letter from the Student League were a valid basis for her finding that Hossain was not credible. *See Siewe,* 480 F.3d at 170.

Furthermore, the IJ reasonably doubted the authenticity of documents Hossain submitted that referred to an individual named "Johirul Islam," where there was no solid evidence that Hossain and "Johirul Islam" were one and the same person. In his asylum application, Hossain alleged that he told immigration officers that his name was "Sumon Hossain–Bagum" because he was under great mental stress, that his real name was "Johirul Islam," and that "Sumon" was a nickname. However, a reasonable fact-finder would not be compelled to accept this explanation and neither was the IJ. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Accordingly, the IJ did not err in rejecting Hossain's explanation for the discrepancy or using it as a basis for her adverse credibility determination.

The inconsistencies in the record, in conjunction with the IJ's suspicions regarding Hossain's evidence and identity, provided substantial support for the IJ's adverse credibility determination and constituted a valid basis for denying Hossain's asylum claim. *See Xiu Xia Lin,* 534 F.3d at 167. Because the only evidence of a threat to Hossain's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). Hossain abandoned his CAT claim by failing to raise it either to the BIA or to this Court. *See Gui Yin Liu v. INS,* 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, we deny Hossain–Bagum's pending motion for a stay of removal as moot.